IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY EDWARDS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17cv969-HSO-LRA** |
| | § | |
| | § | |
| **MERIT HEALTH MADISON** | § | **DEFENDANT** |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. The Court has a continuing duty to examine its subject-matter jurisdiction and dismiss any action over which it lacks such jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). For the reasons that follow, the Court finds that it lacks subject-matter jurisdiction, and this case must be dismissed without prejudice.

### I. BACKGROUND

Plaintiff Kimberly Edwards ("Plaintiff") filed a pro se Complaint [1] on December 7, 2017, Compl. [1] at 1, along with a Motion [2] for Leave to Proceed In Forma Pauperis, Mot. [2] at 1-2. The Complaint names Merit Health Madison as Defendant, Compl. [1] at 1-3, and asserts that the basis of the Court's subject-matter jurisdiction is diversity jurisdiction, *id.* at 1. According to the Complaint, Plaintiff is a Mississippi citizen, and Merit Health Madison is incorporated under the laws of the State of Mississippi. *See id.* at 3.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). According to the Complaint, both Plaintiff and Defendant Merit Health Madison are Mississippi citizens. Compl. [1] at 3. Based upon the record, complete diversity of citizenship is lacking. The Complaint does not assert federal question jurisdiction, and the Court cannot conclude from that pleading that federal question jurisdiction exists.

## III. CONCLUSION

Plaintiff has not shown that this Court possesses federal subject-matter jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

**SO ORDERED** this the 11th day of December, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE